**Leopoldo Anibal Rios LOPEZ,
Petitioner,**

v.

**John ASHCROFT, Attorney
General, Respondent.**

No. 03–72253.

Agency No. A70–811–445.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 15, 2004.

Garish Sarin, Esq., Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Papu Sandhu, Daniel E. Goldman, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

MEMORANDUM **

Leopoldo Anibal Rios Lopez, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") decision, which affirmed the Immigration Judge's ("IJ") order denying his applications for asylum, withholding of removal and for protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Nagoulko v. INS,* 333 F.3d 1012, 1015 (9th Cir.2003), and we deny this petition for review.

The record does not compel the conclusion that Lopez suffered past persecution as a result of the threats and the assault by the two uniformed men in 1991 at his house. *See Prasad v. INS,* 47 F.3d 336, 339–40 (9th Cir.1995) (holding that police's kicking of applicant and hits to applicant's stomach during a four to six hour detention did not compel finding of past persecution). Petitioner's remaining contentions regarding past persecution are unpersuasive.

Because Lopez failed to demonstrate that he suffered past persecution, there is no presumption that he has a well-founded fear of future persecution. *See Nagoulko,* 333 F.3d at 1018. Additionally, Lopez failed to present "credible, direct, and specific evidence" in the record to support a reasonable fear of future persecution. *See Molina–Morales v. INS,* 237 F.3d 1048, 1051 (9th Cir.2001).

Because Lopez did not establish that he was eligible for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000).

Lopez has waived any claim for relief under CAT. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996) (holding that issues which are not specifically

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

raised and argued in a party's opening brief are waived).

PETITION FOR REVIEW DENIED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.